# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HICO AMERICA SALES & TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EFACEC POWER TRANSFORMERS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CV415-054 |

# ORDER

Presently before the Court is a discovery dispute arising from a case filed in another district. *See Entergy Louisiana, LLC v. HICO American Sales & Technology Co.*, No CV214-750 (E.D. La. filed Apr. 2, 2014). Entergy Louisiana, LLC ("Entergy") claims that HICO America Sales & Technology, Inc. ("HICO") breached its contract by shipping Entergy a faulty transformer, which forced Entergy to contract with a third party for another transformer. *Id.*, doc. 1-2 (complaint). That third party is Efacec Power Transformers, Inc. ("Efacec"), which operates out of Rincon, Georgia. (Doc. 1 at 1.) HICO has filed a motion to compel Efacec to produce discovery sought in a subpoena *duces tecum*.

(*Id.*) It wants to discover the details of the transaction between Efacec and Entergy to support its counterclaim that Entergy wrongfully refused it a reasonable opportunity to repair the custom-manufactured transformer and instead secretly contracted with Efacec for a replacement, leaving HICO with a unique $4,000,000 transformer that cannot be resold. (*Id.* at 2.)

HICO claims that Efacec has produced only a handful of responsive documents in three separate batches over more than three months. Accordingly, it asks the Court to compel Efacec to respond fully to the subpoena, produce a privilege log for any documents withheld on the basis of privilege, produce all electronically stored information and documents requested, and certify that it has conducted a search for information requested and that the requested information either does not exist or has been produced. (*Id.* at 3.) Efacec responds that HICO has failed to comply with the "meet and confer" requirements set forth in Fed. R. Civ. P. 37(a)(2). (Doc. 10 at 6-8.) Otherwise it does not deny that there is additional discovery forthcoming and objects to only two of the subpoena's requests. (*Id.* at 8-9.)

To be certain, this Court enforces Fed. R. Civ. P. 37(a)(2)'s

requirement that the parties make a good faith effort to resolve discovery disputes before filing a motion to compel. *E.g.*, *Scruggs v. Int'l Paper Co.*, 2012 WL 1899405 at * 2 (S.D. Ga. May 24, 2012). In fact, it reminds the parties of this requirement in its Local Rules. *See* S.D. Ga LR 26.4 ("[c]ounsel are reminded that Fed. R. Civ. P. (26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."). Here, there is no question that the requirement was met. Efacec admits that HICO sent it a Rule 37 letter on December 4, 2014. (Doc. 10 at 4.) Furthermore, counsel participated in a phone conference, where Efacec notified HICO that it would continue to search for responsive documents. (*Id.*) Counsel for HICO states, under penalty of perjury, that she "reviewed the production, and addressed the insufficiency of that production during the Rule 37 conference." (Doc. 14-2 at 2.)

Efacec's argument seems to be that, because there was no further contact after December 2014, the parties were required to participate in another conference prior to filing a motion to compel. (Doc. 10 at 5 ("Notably, since providing its second production on December 11, 2014,

3

Efacec has received no further communications from HICO regarding the production or the Subpoena until this Motion to compel was filed on March 4, 2015."). The Court is aware of no such requirement. She also states that HICO never notified her that Efacec's second production was deficient, but an e-mail she sent to HICO's counsel shows that she was well aware that HICO believed the production was not satisfactory. (Doc. 14-1 at 1 (December 23, 2014 e-mail from counsel stating "I am still waiting to hear back from [Efacec] on the additional documents. Please be assured that on my end, I am doing everything possible to push this process forward and will continue to do so.").)

Efacec, meanwhile, only objects to two categories of documents. First, it claims that Category 7, which asks for "All contracts or purchase orders (or a list of all contracts or purchase orders) executed by Efacec for the manufacture or supply of a transformer(s) above 300 MVA and 230kV in the past 20 years" is irrelevant since those documents are unrelated to the transaction at issue in the underlying litigation. (Doc. 10 at 8; doc. 1 at 12.) Second, it claims that Category 11 is too broad, as it would include information related to other transactions unrelated to the transaction at issue. (Doc. 10 at 9.) It asks for all "documents . . .

4

including correspondence, emails, faxes, letters, memoranda, notes, reports, tests, writings, communications, and transmittals, reflecting, referencing, or relating to communications between Efacec and Entergy during the time period of October 2010 to April 2014 and any documents provided by Entergy or by Harold Moore to Efacec during that time period." *Id.* The Court agrees on both counts. Category 7 is, at the very least, overly broad, and HICO has not explained why such disclosures are necessary in its reply brief. (Doc. 14.) Similarly, Category 11 should be limited to information related to the transaction at issue.

The Court thus **GRANTS** in part and **DENIES** in part HICO's motion to compel. (Doc. 1.) Efacec shall produce, within 30 days, all discovery responsive to HICO's subpoena, subject the limitations stated above. If Efacec maintains that certain documents are privileged or otherwise confidential, then it shall produce a privilege log setting forth the following information as to each document or communication responsive to HICO's subpoena: (1) the nature of the document or communication; (2) the date of the document or communication; (3) its source; (4) the intended recipient; (5) each individual or entity that received it; (6) the purpose for which it was prepared; (7) the nature of

the privilege asserted; and (8) sufficient facts to allow the Court to assess whether the document or communication falls within the privilege.

**SO ORDERED** this 26th day of June, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**